Gregory Flahive - SBN 190088
Flahive Law Corporation
2365 Iron Point Road
Suite 220
Folsom, CA 95630

Ph: (916) 817-2098

FILED
March 04, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002460646

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>DAVID LOUIS KOELZER<br><br>Debtor's | Case No. 2010-20891<br>Hearing Date: April 13, 2010<br>Hearing Time: 9:30am<br>The Honorable Christopher M. Klein<br>Docket Control No.: FLA-01 |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS

Gregory Flahive of Flahive Law Corporation, on behalf of David Louis Koelzer, the Debtor herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtor's Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on January 15, 2010. was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtor operates a business, KC Construction. Said business is located at 5151 Cherbourg Drive in Sacramento, CA 95842.

3. The Debtor's tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedules A and B (see exhibit #1 attached hereto). The business

Motion to Compel Abandonment of Business          1

assets in this case consist of 6  The Debtor has placed values on these assets in the aggregate total of $4,100.00.

4. As shown in Schedule D (See exhibit #1 attached hereto), the Debtor asserts that no Creditors hold any liens against the BUSINESS ASSETS.

5. As shown in Schedule C (see exhibit #1 attached hereto), the Debtor has claimed exemptions totaling $1,000.00 against the values of the BUSINESS ASSETS.

6. In summary

   a. ............................................................................................................................

      Gross value of BUSINESS ASSETS.................................................... $4,100.00

   b. ............................................................................................................................

      Liens against the BUSINESS ASSETS..................................................... -$   .00

   c. ............................................................................................................................

      Gross Equity ............................................................................................ $1,000.00

   d. ............................................................................................................................

      Exemptions claimed on the BUSINESS ASSETS................................ -$4,100.00

   e. ............................................................................................................................

      Net value of BUSINESS ASSETS to the estate......................................... $   .00

7. The Debtor asserts that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtor.

8. The Debtor is aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtor's business; and then, only with an order of the Court.  Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtor asserts that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtor, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtor moves this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtor's Business.

## CERTIFICATION

I, Gregory Flahive, hereby certify under penalty of perjury that I have read the foregoing Motion for Order Compelling Abandonment Of The Estate's Interest In Debtor's Business. I further certify that the contents thereof are true and correct to the best of my knowledge and belief. Executed on March 3, 2010.

/s/ *Gregory Flahive*
Gregory Flahive
Flahive Law Corporation

Gregory Flahive - SBN 190088
Flahive Law Corporation
2365 Iron Point Road
Suite 220
Folsom, CA 95630

Ph: (916) 817-2098

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| In Re: | Case No. 2010-20891 |
|---|---|
| DAVID LOUIS KOELZER | Hearing Date: April 13, 2010<br>Hearing Time: 9:30am<br>The Honorable Christopher M. Klein<br>Docket Control No.: FLA-01 |
| Debtor's | |

## DECLARATION IN SUPPORT OF MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS

I, David Louis Koelzer, the Debtor herein, hereby submit this Declaration in Support of Motion for Order Compelling Abandonment of the Estate's Interest in Debtor's Business. This Declaration is based on the following facts:

1. My case was commenced with the filing of a petition on January 15, 2010. was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, I operate a business, KC Construction. All of my assets related to the operation of this business (including equipment, furniture, inventory, tools of the trade, customer lists, etc.) if any, have been disclosed in the filed Schedules A and B. There does not appear to be any business-related asset that can be profitably liquidated by the Trustee over and above the liens, if any, attaching to the business-related assets, as disclosed in Schedule D and the exemptions, if any, as

1. claimed in Schedule C. The schedules, as filed with the Court, are incorporated herein by reference

3. I am aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate my business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

4. However, I assert that, based on the lack of any unexempt equity in any business equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

Wherefore, I join with my attorney in moving this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in my business.

### CERTIFICATION

I, David Louis Koelzer, hereby certify under penalty of perjury that I have read the foregoing Declaration in Support of Motion for Order Compelling Abandonment Of The Estate's Interest In Debtor's Business. I further certify that the contents thereof are true and correct to the best of my knowledge and belief. Executed on March 3, 2010 at Sacramento, CA.

       */s/ David Louis Koelzer*
       David Louis Koelzer

2
Gregory Flahive - SBN 190088
Flahive Law Corporation
2365 Iron Point Road
Suite 220
Folsom, CA 95630

Ph: (916) 817-2098

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| In Re: | Case No. 2010-20891 |
|---|---|
| DAVID LOUIS KOELZER | Hearing Date: April 13, 2010 |
| | Hearing Time: 9:30am |
| | The Honorable Christopher M. Klein |
| | Docket Control No.: FLA-01 |
| Debtor's | |

# NOTICE OF HEARING ON MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS

Gregory Flahive, Attorney for the Debtor herein, has filed a motion for an order compelling the abandonment of the Bankruptcy estate's interest in the Debtor's business, KC Construction. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to Order the abandonment of the Debtor's business, or if you want the Court to consider your views on this matter, you should appear at the hearing on this Motion. The date and time of the hearing is shown at the top of this page. The hearing will take place at:

Declaration – Motion to Compel Abandonment    3

United States Bankruptcy Court - Sacramento

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it before the date of the hearing on this motion. You must also mail a copy of any written and filed response to the Debtor's attorney at the address on the first page of this Notice of Hearing on Motion as well as:

Trustee in Bankruptcy

Office of the US Trustee
501 I Street
Suite 7-500
Sacramento, CA 95814

If you or your attorney do not take these steps, the Court may decide that you do not oppose this action and may grant the Motion, in some circumstances without even conducting an actual hearing.

CERTIFICATION

I, Gregory Flahive, Attorney for the Debtor herein, hereby certify under penalty of perjury that I have read the foregoing Notice of Hearing on Motion for Order Compelling Abandonment of the Estate's interest in Debtor's Business. I further certify that the contents thereof are true and correct to the best of my knowledge and belief. Executed on March 3, 2010.

/s/ Gregory Flahive
Gregory Flahive